[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Terry Ingram appeals the sentence he received after pleading guilty to two counts of forgery, felonies of the fifth degree under R.C. 2913.31(A)(3). The trial court had accepted Ingram's plea and had sentenced him to two nine-month prison terms, to be served consecutively. We affirm the sentence.
Ingram claims that the sentence is contrary to law. Before imposing a prison sentence for a fifth-degree felony, the trial court must make certain findings on the record.[1] And before imposing consecutive sentences, the trial court must find that the consecutive sentences are consistent with R.C. 2929.14(E). The court must also find that at least one of several additional factors apply, including whether the offender's criminal history demonstrates a need to protect the public.[2]
The trial court announced all of the relevant statutory factors on the record. The court specifically mentioned Ingram's unemployment, his eight prior convictions, his four prior prison terms, and his status as a drug addict as reasons for imposing the sentence. The court also noted that the consecutive sentences were necessary to protect the public and were not disproportionate to the seriousness of the offenses. No further findings of fact or reasons were necessary. The sentence of the trial court was therefore not contrary to law.
Ingram also argues that his sentence was contrary to law because it violated R.C. 2929.11. That section provides that the purposes of felony sentencing are to protect the public from future crime and to punish the offender. The sentencing court shall consider the need for incapacitating the offender, deterrence from future crime, rehabilitation, and possible restitution. As mentioned above, the trial court noted that Ingram was a drug addict, but still imposed the prison sentence rather than a supervisory drug program. Again, we cannot say that the sentence was contrary to law.
Accordingly, the sentence of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.
[1] R.C. 2929.19(B)(2); State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473.
[2] R.C. 2929.14(E)(4)(c).